## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES--GENERAL

Case No.  07-2107M                          Date: December 21, 2007

Title:  United States of America v. Charles Edward Lincoln
================================================================
**DOCKET ENTRY**


================================================================
**HON. ROSALYN M. CHAPMAN, UNITED STATES MAGISTRATE JUDGE**

Kimberly Carter            None_____            _____
Deputy Clerk               Court Reporter            Tape No.

ATTORNEYS PRESENT FOR GOVERNMENT:    ATTORNEYS PRESENT FOR DEFENDANT:
None                                 None


**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S EMERGENCY EX PARTE APPLICATION FOR MEDICAL TREATMENT AND TO REGULATE CONDITIONS OF CONFINEMENT AND TRAVEL TO TEXAS**

The defendant complains about the medical treatment he is receiving at the Metropolitan Detention Center and expresses concern about the rigors of travel to the Southern District of Texas.  Specifically, the defendant seeks an Order directing: (1) the Marshal's Service to either transport him "by a direct or single-connection flight from Los Angeles to Corpus Christi[,]" rather than by commercial or ordinary air travel, or permit him "to arrange . . . for immediate transportation for himself" and one or two deputies to travel by charter flight, at his own expense; (2) the Bureau of Prisons ("BOP") to allow him "access to all of his previously prescribed medications" (including two not yet filled); and (3) the BOP to stop causing him "unreasonable sleep deprivation or unwarranted disturbance while in custody. . . ."  Application at 3-5.  The Government opposes defendant's application, arguing this Court has no authority to grant injunctive relief, and, in any event, defendant has failed to show a violation of his constitutional rights.

As an initial matter, this Court frequently considers the medical complaints, and other complaints, of defendants appearing before it, and often issues orders addressing those complaints.

In fact, if the defendant had complained about his medical treatment when he appeared before this Court, this Court would have considered his complaint at that time. But, defendant did not voice any complaints about his medical care at either appearance before this Court. Such failure, of course, reflects adversely on the credibility of defendant's medical complaints. Nevertheless, when it comes to the health of defendants appearing before this Court, the Court would prefer to err (if at all) on the side of the defendant's well-being. Thus, the Court will order that a physician examine defendant, no later than 4:00 p.m. on December 24, 2007, to determine whether defendant requires any prescription medications or any other medical treatment.

However, defendant's complaints about the dangers to his health of commercial travel appear to be based wholly on idle speculation, and are without medical basis; thus, defendant's constitutional rights do not appear to be impacted by commercial travel. Nevertheless, since defendant is to be examined by a physician, the physician should also consider whether there are any restrictions or limitations stemming from defendant's medical condition, if any, that warrant special travel arrangements to Southern Texas, and if so, the physician should advise both BOP and the Marshal's Service of such restrictions or limitations.

Finally, defendant's complaints about "unreasonable sleep deprivation or unwarranted disturbance" appear to be one-time occurrences, stemming from defendant's court appearance on December 14, 2007, rather than any particular pattern or practice, and defendant's constitutional rights were not violated by this isolated instance.

For the foregoing reasons, defendant's ex parte application is granted, in part, and denied, in part.

**IT IS ORDERED** that, no later than December 24, 2007, at 4:00 p.m., the Bureau of Prisons shall have a medical doctor (M.D.) physically examine defendant to determine whether defendant requires any prescription or other medications and any medical treatment, and whether defendant's medical condition, if any, requires special restrictions or limitations for defendant to travel from Los Angeles to Corpus Christi, Texas, and, if so, the physician should advise both the Bureau of Prisons and the Marshal's Service of such restrictions or limitations.

crim\07-2107.2
12/21/07

Initials of Deputy Clerk 

2