DUPLICATE ORIGINAL

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JOSEPH B. WIDMAN (Cal. State Bar No.: Pending)
4  Assistant United States Attorney
        1200 United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-7401
        Facsimile: (213) 894-0141
7       E-mail:    joseph.widman@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9
                 UNITED STATES DISTRICT COURT
10
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,      )  CR NO. 07-2107M-RMC
12                                )
                       Plaintiff, )  GOVERNMENT'S MEMORANDUM OF LAW
13                                )  REGARDING DEFENDANT'S
            v.                    )  PROCEDURAL RIGHTS PRIOR TO
14                                )  REMOVAL
   CHARLES EDWARD LINCOLN, III,   )
15                                )
                       Defendant. )
16                                )
                                  )
17                                )
                                  )
18                                )
                                  )
19 _____)

20      On December 10, 2007, the Court asked counsel for the

21 government and defendant to provide written statements on the

22 procedural rights of defendant, an out-of-state defendant facing

23 a charge of criminal contempt, a misdemeanor, in the originating

   district.

24 //

25 //

26 //

27

28

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 3 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

1       Plaintiff United States of America, by and through its

2   attorney of record, the United States Attorney for the Central

3   District of California, hereby files its written statement in

4   response to the Court's request.

5

6   Dated: December 13, 2007         Respectfully submitted,

7                                   THOMAS P. O'BRIEN
                                    United States Attorney

8                                   CHRISTINE C. EWELL
                                    Assistant United States Attorney
9                                   Chief, Criminal Division

10

11

12                                  JOSEPH B. WIDMAN
                                    Assistant United States Attorney

13                                  Attorneys for Plaintiff
                                    United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This out-of-district matter emanates from an arrest warrant issued for defendant CHARLES EDWARD LINCOLN, III ("Defendant"). The arrest warrant was issued by the Honorable Janis Graham Jack of the U.S. District Court for the Southern District of Texas (the "Texas Federal Court") in connection with a civil lawsuit from that District, <u>Sibley v. Lincoln</u>, civil case number 2:07-00258 (the "Texas Federal Lawsuit").  As described in more detail below, after the Texas Federal Court issued the arrest warrant for Defendant, he was found in the Central District of California and brought before this Court for his initial appearance.  During that initial appearance, the Court requested that counsel for the government and Defendant brief the issue of what procedural rights, if any, Defendant has before the Court can order his removal to the Southern District of Texas.  As discussed below, the government believes that Defendant is entitled only to (1) a hearing to establish that he is the subject of the arrest warrant, and (2) the provision by the government of a certified copy of the arrest warrant or a reliable electronic copy of the same.

## II.  BACKGROUND

The Texas Federal Lawsuit originated in Texas state court, with claims of breach of contract and slander asserted by the plaintiff David Sibley (the "Civil Plaintiff") against Defendant. (Notice of Criminal Contempt Proceeding and Order to Show Cause, issued by United States District Judge Janis Graham Jack on July 23, 2007 ("Order to Show Cause"), attached hereto as Exhibit A,

1

1  at 1.)   On June 5, 2007, Defendant removed the state court action
2  to the Texas Federal Court due to the alleged existence of
3  diversity of citizenship jurisdiction under 28 U.S.C.
4  § 1332(a)(1).   (Ex. A at 1.)

5       On June 11, 2007, the Texas Federal Court remanded the Texas
6  Federal Lawsuit back to state court.   (Ex. A at 2; Order of
7  Remand, attached hereto as Exhibit B.)   On June 25, 2007,
8  following remand, the Civil Plaintiff filed in Texas Federal
9  Court a motion to sanction Defendant.   (Ex. A at 2.)   The basis
10  for the motion was alleged false statements made by Defendant in
11  connection with his effort to have the lawsuit removed to Texas
12  Federal Court.   (Ex. A at 2.)   Approximately two weeks later, on
13  July 10, 2007, the Texas Federal Court set a motion hearing date
14  of July 23, 2007 at 10:00 a.m. for the Civil Plaintiff's motion
15  for sanctions against Defendant.   (Ex. A at 3.)   After an
16  unsuccessful motion by Defendant to have the motion hearing
17  continued, Defendant failed to show up for the motion hearing.
18  (Ex. A at 3-4.)   The Texas Federal Court then issued the Order to
19  Show Cause commanding Defendant to appear at a hearing in Texas
20  Federal Court on September 7, 2007 at 1:15 p.m. to show why an
21  order of contempt should not be entered against him, pursuant to
22  18 U.S.C. §§ 401, 402 and Federal Rule of Criminal Procedure
23  42(a).   (Ex. A at 8.)   Defendant did not show up for this hearing
24  either.   (Warrant for Arrest of Charles Edward Lincoln (the
25  "Arrest Warrant," attached hereto as Exhibit C.)

26       Three days after Defendant's second missed court appearance,
27  the Texas Federal Court issued the Arrest Warrant for Defendant.
28  (Ex. C.)   He subsequently was found and arrested in the Central
   District of California, pursuant to the Arrest Warrant.   On

2

December 10, 2007, Defendant appeared in this Court for his
initial appearance.  Defendant declined to waive removal to the
Southern District of Texas.  During the initial appearance, the
Court raised the issue of what procedural rights Defendant should
be afforded in view of criminal contempt's status as a
misdemeanor, as opposed to a felony.  The Court asked counsel for
the government and the Defendant to submit briefing on that issue
by 12:00 p.m. on December 13, 2007.  The Court also continued
defendant's initial appearance to December 14, 2007.

## III. DISCUSSION

### A.   An Out-Of-District Defendant's Three Options Generally

After an out-of-district defendant appears in the Magistrate
Court of another district for an initial appearance, the out-of-
district defendant generally has three options.  See Fed. R.
Crim. P. 5.  First, the defendant can decide to plead guilty to
the charges and be sentenced in the non-originating District.
See Fed. R. Crim. P. 5(c)(3) and 20(a).  In the present case,
this option is not possible because Defendant has not been
indicted in the originating district.  The equivalent of the
charging instrument here is the Order to Show Cause, a procedural
vehicle used in civil litigation but which, in this case,
threatens a possible criminal sanction.  As a result of this
unusual procedural background, Defendant cannot plead guilty
because there is no formal charge that he could plead guilty to.

Second, the defendant can "waive removal" and agree to be
returned to the originating district.  See Fed. R. Crim. P.
5(c)(3)(C), (c)(3)(D)(ii), and 5.1(a)(1) and (b).  At the initial

3

1    appearance, Defendant did not waive removal and has not since
2    done so.  As a result, this option currently is not viable.
3        Third, a defendant can contest removal to the other
4    district.  If a defendant does so, in the ordinary situation
5    where the out-of-state defendant faces a felony charge, that
6    defendant cannot be sent back to the originating district until
7    the Court conducts a "removal hearing" governed by Federal Rules
8    of Criminal Procedure 5(c)(3), 5.1, and 40.  At the removal
9    hearing, the government ordinarily must show that (1) there is
10   probable cause to believe that a crime was committed as charged
11   in the other district, and (2) the person arrested here is the
12   same person charged in the other district.  See Fed. R. Crim. P.
13   5(c)(3).  Provided the government makes these two showings, the
14   defendant is returned to the originating district.  See id.
15       The crux of the issue addressed during the remainder of this
16   memorandum is whether and to what extent Defendant, who faces a
17   possible misdemeanor punishable by up to six months in prison, is
18   entitled to the protections afforded by the standard removal
19   hearing.
20   //
21   //
22   //

4

**B.   Defendant is Entitled to an Identity Hearing Only, and Not a Preliminary Hearing**

The provision of the Federal Rules of Criminal Procedure authorizing the standard removal hearing is Rule 5(c)(3).  That subsection provides in part:

> **Rule 5.   Initial Appearance**
> \*                 \*                 \*
> **(c) Place of Initial Appearance; Transfer to Another District.**
> \*                 \*                 \*
> **(3) Procedures in a District Other Than Where the Offense Was Allegedly Committed.** If the initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply: . . .
> \*                 \*                 \*
> > **(C)** the magistrate judge must conduct a preliminary hearing if required by Rule 5.1;
> \*                 \*                 \*
> > **(D)** the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:
> > > (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and
> > > (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant;
> > > . . . .

Based on this provision, defendant is entitled to an identity hearing and, if "required by Rule 5.1," a preliminary hearing. Rule 5.1 of the Federal Rules of Criminal Procedure expressly excludes "petty offense[s]" from its purview:

> **Rule 5.1.   Preliminary Hearing**
>
> **(a) In General.** If a defendant is charged with an offense <u>other than a petty offense</u>, a magistrate judge must conduct a preliminary hearing unless: . . . .

1  Fed. R. Crim. P. 5.1 (emphasis added).  A "petty offense" is

2  defined as a "Class B misdemeanor, a Class C misdemeanor, or an

3  infraction."  18 U.S.C. § 19 (2007).  Criminal contempt is a

4  Class B misdemeanor because it is punishable by a term of

5  imprisonment not to exceed six months.  See 18 U.S.C. § 402

6  (2007) (stating that a person cited for criminal contempt may be

7  punished a term of imprisonment not to "exceed the term of six

8  months"); 18 U.S.C. § 3559 (2007) (classifying offenses for which

9  the maximum term of imprisonment is "six months or less but more

10  than thirty days, as a Class B misdemeanor," provided the statute

   defining the offense does not classify it otherwise).

11        In the present case, Defendant is not entitled to a

12  preliminary hearing on whether probable cause exists to believe

13  that he committed the charged offense because he is charged with

14  a "petty offense," which is explicitly excluded from Rule 5.1's

15  purview.  As a result, the government believes that the Court

16  only is required to conduct an identity hearing to confirm that

17  Defendant is the person subject to the Arrest Warrant, and not a

18  preliminary hearing.  See Fed. R. Crim. P. 5(c)(3)(D)(ii).  In

19  addition, the government believes that it is required to produce

20  the "warrant, a certified copy of the warrant, or a reliable

21  electronic form of either."  See id.  If the government

22  establishes that Defendant is the subject of the Arrest Warrant

23  and provides Defendant with a certified copy or "reliable

24  electronic form" of the warrant, the government believes that the

25  Court is required to remand defendant back to the Southern

26  District of Texas.

27  //

28  //

6

IV.   **CONCLUSION**

For the foregoing reasons, the government believes that Defendant is entitled only to (1) a hearing to establish that he is the subject of the Arrest Warrant, and (2) the provision by the government of a certified copy of the Arrest Warrant or a reliable electronic copy of the same.

DATED: December 13, 2007.

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


JOSEPH B. WIDMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE: CHARLES EDWARD LINCOLN,

§
§
§
§
§
§
§

Misc. No. 07-75

## NOTICE OF CRIMINAL CONTEMPT PROCEEDING AND ORDER TO SHOW CAUSE

Pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42, the Court hereby enters this Notice of Criminal Contempt Proceeding and Orders Charles Lincoln to appear and show cause at the date and time set forth below why he should not be held in criminal contempt, and for cause states the following:

### Background

On May 16, 2007, David Sibley ("Mr. Sibley") filed suit against Defendant Charles Lincoln ("Defendant") in the 94th Judicial District Court of Nueces County, Texas, asserting claims of "breach of contract" and "slander." (See Pl.'s Orig. Pet.)[1] On June 5, 2007, Defendant removed the civil case from state court to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Not. of Rem. at 1.) In particular, Defendant alleged that the parties were diverse because Defendant "resides in Tarpon Springs, Pasco County, in the State of Florida and the amount in controversy substantially exceeds $100,000." (Not. of

---

[1] All citations in this Order are to the original civil case, Sibley v. Lincoln, Civil Action 07-258.

Rem. at 1.)  Upon removal, the case was given the caption <u>Sibley v.</u> <u>Lincoln</u>, and assigned cause number 2:07-cv-258.

On June 7, 2007, Mr. Sibley filed a "Motion to Remand" the case back to state court, arguing that removal was improper because there was no diversity of citizenship between the parties and the amount in controversy did not exceed $75,000.00.  (D.E. 3)  The Court granted Mr. Sibley's motion to remand, finding that Defendant had failed to meet his burden of establishing the minimum amount in controversy, and remanded the case to state court.  (D.E. 6.)

On June 25, 2007, following remand, Mr. Sibley filed a "Motion to Sanction Charles Lincoln" (D.E. 9), contending that the Court should sanction the Defendant because, according to Mr. Sibley, Defendant misrepresented his citizenship to the Court for the purpose of manufacturing diversity jurisdiction over the civil suit.  On July 10, 2007, the Court issued a "Notice of Setting" which provided as follows:

> **TAKE NOTICE THAT A PROCEEDING IN THIS CASE HAS BEEN SET FOR THE PLACE, DATE AND TIME SET FORTH BELOW.**
>
> **Before the Honorable**
>
> Janis Graham Jack
>
> **PLACE:**
>
> United States District Court
> 1133 N. Shoreline Blvd.
> Corpus Christi, TX
>
> **DATE:** 7/23/07
>
> **TIME:** 10:00 AM

2

**TYPE OF PROCEEDING:** Motion Hearing
Motion for Sanctions - #9

(D.E. 10.)

On Thursday, July 19, 2007, Defendant filed "Motion for Continuance of Hearing on Sanctions Set Monday July 23, 2007," arguing that: (1) the sanctions hearing should be continued because the Court had no jurisdiction to consider sanctions after remand of the case; and (2) the sanctions hearing should be continued "until not sooner than ten days after the United States Court of Appeals for the Fifth Circuit in New Orleans has affirmed this Court's jurisdiction to hear a motion for sanctions filed two weeks after entry and mailing of a certified copy of the Court's order granting Remand."   (See D.E. 14.)   Concurrently, Defendant also filed a "Suggestion of Bankruptcy of Cheryl L. Anderson & Victor Dale Anderson" in which he argued that the sanctions hearing should also be continued because it was subject to the automatic bankruptcy stay of 11 U.S.C. § 362.  (D.E. 15.)  That same day, July 19, 2007, the Court entered an "ORDER DENYING CONTINUANCE" in which the Court: (1) rejected Defendant's argument for a stay pending appeal, noting that Defendant had not appealed the case and no notice of appeal was on file with the Court; and (2) rejected Defendant's argument that the case was subject to the automatic bankruptcy stay of 11 U.S.C. § 362, noting that alleged bankrupt debtors were not parties to this case, nor was there any indication that the civil litigation involved issues in any way related to the bankruptcy

3

estate or proceeding. (D.E. 16.) With respect to the Defendant's jurisdictional argument, the Court noted that the issue of sanctions usually concerns matters "collateral to the merits" and therefore can be addressed by a federal court even after a case has been otherwise dismissed or remanded. (D.E. 16.) Nevertheless, the Court advised the Defendant that it would consider his jurisdictional arguments at the sanctions hearing. The Court concluded:

> Accordingly, Defendant's motion for continuance is hereby DENIED. The Court again ORDERS Defendant Charles Lincoln to appear in person before this Court at 1133 N. Shoreline Blvd., Corpus Christi, TX, on Monday July 23, 2007 at 10:00 AM for a hearing on Plaintiff's motion for sanctions (D.E. 9).

(D.E. 16.) On Sunday, July 22, 2007, at 6:45 PM, the Defendant sent an email to Mr. Sibley and the Court's Case Manager, Ms. Sondra Scotch, indicating that he "cannot attend the hearing Monday morning in Corpus Christi . . . ." (D.E. 21.)

On Monday, July 23, 2007, at 10:00 AM the Court held a hearing on Mr. Sibley's motion for sanctions. After the case was called, Mr. Sibley registered his appearance. Defendant, however, did not appear. A Court Security Officer, Mr. Adrian Perez, called Defendant Charles Lincoln's name three times in the public area of the courthouse but there was no response.

## Discussion

"The power to punish for contempts is inherent in all courts. Its existence is essential to the preservation of order in judicial

4

proceedings, and to the enforcement of the judgments, orders, and writs of the courts; and consequently to the due administration of justice." In re Hipp, Inc., 895 F.2d 1503, 1512 (5th Cir. 1990) (quoting Ex parte Robinson, 86 U.S. 505, 510 (1873)). A contempt proceeding "is characterized as either civil or criminal depending on its primary purpose." FDIC v. LeGrand, 43 F.3d 163, 168 (5th Cir. 1995); Lamar Financial Corp. v. Adams, 918 F.2d 564, 566 (5th Cir. 1990). Where, as here, "the primary purpose is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal." LeGrand, 43 F.3d at 168. A "criminal (unlike a civil) contempt prosecution for violation of a court order is a separate and independent proceeding from, and is not a part of, the case in which the violated order was issued, and does not depend on the validity of that order or the continuation of the underlying proceedings." Hipp, 895 F.2d at 1510 (citing Bray v. United States, 423 U.S. 73 (1925)); see also Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444-45 (1911) ("Proceedings for . . . criminal contempt are between the public and the defendant, and are not a part of the original cause").

The procedure for criminal contempt proceedings is governed by Federal Rule of Criminal Procedure 42(a), which provides that "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." The notice must "state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts

5

constituting the criminal contempt charged and describe it as such." <u>American Airlines, Inc. v. Allied Pilots Ass'n</u>, 968 F.2d 523, 530 (5th Cir. 1992); Fed. R. Crim. P. 42(a)(1)(A)-(C). Because "the judge may not prosecute the contempt and at the same time act as Judge," the court must also appoint an attorney for the government to prosecute the contempt. <u>American Airlines</u>, 968 F.2d at 531; <u>In re Davidson</u>, 908 F.2d 1249, 1251 (5th Cir. 1990); Fed. R. Crim. P. 42(a)(2).

18 U.S.C. § 401 provides that federal courts may "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" including "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." <u>Id.</u> at § 401(3). The elements of a violation of § 401(3) of the criminal contempt statute "are: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." <u>United States v. Landerman</u>, 109 F.3d 1053, 1068 (5th Cir. 1997); <u>In re Hipp, Inc.</u>, 5 F.3d 109, 112 (5th Cir. 1993); <u>Cooper v. Texaco</u>, 961 F.2d 71, 72 n.3 (5th Cir. 1992). "Determining whether an order is specific requires a factual inquiry into the reasonableness of the order's specificity, given the context in which it was issued." <u>Hipp</u>, 5 F.3d at 112; <u>United States v. Revie</u>, 834 F.2d 1198, 1201 (5th Cir. 1987). Any ambiguity in the order, however, "must be resolved in favor of the defendant." <u>Cooper</u>, 961 F.2d at 72 (citing <u>United States v. O'Quinn</u>, 913 F.2d 221, 222 (5th Cir. 1990)).

At a criminal contempt hearing, the defendant is entitled to all the usual protections of a criminal trial. "As in any other criminal case, proof of guilt beyond reasonable doubt is required." <u>In re Stewart</u>, 571 F.2d 958, 965 (5th Cir. 1978) (citing <u>United States v. Barnette</u>, 546 F.2d 187 (5th Cir. 1977)). "A defendant charged with [criminal contempt] enjoys the presumption of innocence, . . . cannot be compelled to testify against himself, . . . [and] has the right to counsel." <u>Hipp</u>, 895 F.2d at 1509. "If a sentence to confinement in excess of six months is to be imposed, there is a Sixth Amendment right to trial by jury." <u>Id.</u> at 1509-10 (citing <u>Codispoti v. Pennsylvania</u>, 418 U.S. 506 (1974)). Where, however, the defendant is "given pre-trial assurance[s] that no sentence in excess of six months imprisonment would be imposed, [he has] no right to jury trial under the Sixth Amendment." <u>Nat'l Maritime Union v. Aquaslide 'N Dive Corp.</u>, 737 F.2d 1395, 1400 (5th Cir. 1984); <u>Frank v. United States</u>, 395 U.S. 147, 150 (1969) (stating that "this Court has held that sentences for criminal contempt of up to six months may constitutionally be imposed without a jury trial") <u>see also</u> <u>United States v. Martinez</u>, 686 F.2d 334, 340 (5th Cir. 1982) (affirming a district court's denial of a jury trial in a criminal contempt action where the district court "stat[ed] that it would not impose a sentence in excess of six months").

In this case, Defendant Charles Lincoln was twice specifically commanded to appear on Monday, July 23, 2007 at 10:00 AM at the

7

U.S. Courthouse in Corpus Christi, Texas, for a hearing on a motion

for sanctions in the civil case, <u>Sibley v. Lincoln</u>, No. 07-258.

(D.E. 10, 16.)  He failed to do so, and his actions require that he

be made to appear and show cause why he should not be held in

criminal contempt for failure to appear as ordered by the Court in

Docket Entries 10 and 16.   The Court advises Defendant of his

rights, including his right to counsel, his right to court

appointed counsel if he cannot afford to retail his own counsel,

his right to remain silent, the presumption of innocence, and the

right to proof beyond a reasonable doubt.   The Court also advises

Defendant that the Court will not consider a sentence against him

in excess of six months, and thus the contempt hearing will be

tried before the Court without a jury.

### Conclusion

Thus, for the reasons stated above, IT IS HEREBY ORDERED that:

1.   The Court shall conduct a criminal contempt hearing regarding Defendant Charles Lincoln on Friday, September 7, 2007 at 1:15 p.m.  The hearing will be held at 1133 N. Shoreline Blvd., Corpus Christi, Texas.  The Defendant is ORDERED to appear in person at the hearing;

2.   The Court APPOINTS Assistant United States Attorney Patti Booth to represent the United States and to prosecute the contempt charge against Mr. Lincoln.  The Government shall serve this Order on the Defendant;

3.   The Court advises Defendant that he has a right to court-appointed counsel if he cannot afford to retain his own counsel.  If Defendant wishes to be considered for court-appointed counsel he has three days from the date of service of this Order to file a motion to proceed in forma pauperis with this Court; and

8

4.   The contempt trial will be a trial before the Court without a jury and the Court will not consider a sentence against Mr. Lincoln in excess of six months, nor will the Court consider a fine against Mr. Lincoln in excess of $1,000.00; and

SIGNED and ENTERED this 23rd day of July, 2007.

_____
Janis Graham Jack
United States District Judge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID SIBLEY,                          §
                                       §
        Plaintiff,                     §
                                       §
vs.                                    §    C.A. NO. C-07-258
                                       §
CHARLES EDWARD LINCOLN, III,           §
                                       §
        Defendants.                    §

## ORDER OF REMAND

On this day came on to be considered Plaintiff David Sibley's "Motion to Dismiss or Remand" (D.E. 3). For the reasons discussed below, the Court finds that subject matter jurisdiction is lacking, and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 07-2615-C.

**I.   BACKGROUND**

On May 16, 2007, Plaintiff David Sibley ("Plaintiff") filed suit against Defendant Charles Edward Lincoln ("Defendant") in the 94th Judicial District Court of Nueces County, Texas, asserting claims of "breach of contract" and "slander." (Pl.'s Orig. Pet.) Plaintiff's Original Petition reads, in its *entirety*:

> TO THE HONORABLE COURT:
>     David Sibley respectfully files this suit against Charles Lincoln for breach of contract and slander. His whereabouts for service are unknown because he is hiding from the law (he has a writ of attachment out on him). His whereabouts will be supplemented once his whereabouts are learned. His most likely whereabouts is the U.S. Federal Courthouse in Austin where he is litigating, 200

West 8th St., Room 130, Austin Texas 78701.  He has a residence but he very [*sic*] is unlikely to be there. Substituted service or service by publication may be requested if his whereabouts remain unknown.   His whereabouts could be the Williamson County Jail if the write of attachment is successfully served.

Respectfully Submitted,
/s/ David Sibley

(Pl.'s Orig. Pet.)  On June 5, 2007, Defendant filed Answer to Plaintiff's Petition, which: (1) objected to venue; (2) objected to jurisdiction; (3) generally denied the allegations in Plaintiff's Original Petition; and (4) asserted a counterclaim against the Plaintiff for, among other things, gross legal malpractice, breach of fiduciary duty, conversion, and mail and wire fraud.  (Def.'s Ex. E at 1-2.)  Also on June 5, 2007, Defendant filed a Notice of Removal with this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  (Not. of Rem. at 1.)  In particular, Defendant alleged that the parties were diverse because Defendant "resides in Tarpon Springs, Pasco County, in the State of Florida and the amount in controversy substantially exceeds $100,000." (Not. of Rem. at 1.)  With respect to the amount in controversy, Defendant elaborated that the "subject matter of this dispute is a multi-million dollar series of three federal and state lawsuits pending in U.S. District Court in Austin and Texas State District Court in Georgetown, Texas . . . ." (Not. of Rem. at 1.)  Finally, on June 7, 2007, Plaintiff filed a "Motion to Remand" the case (D.E. 3) arguing that removal was improper because there was no

-2-

diversity of citizenship between the parties and the amount in controversy does not exceed \$75,000.00.

## II. DISCUSSION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (stating that the "party invoking the removal jurisdiction of the federal courts bears a heavy burden"); Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986) ("The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists"). In evaluating jurisdiction, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a defendant may remove a case if there is:

(1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000. See 28 U.S.C. § 1332(a). With respect to the amount in controversy requirement, the Fifth Circuit has held that "[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Where, as here, the complaint does not allege a specific amount of damages, the removing defendant has the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount." Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999); Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638-39 (5th Cir. 2003) ("If the value of the claims is not apparent, then the defendants may support federal jurisdiction by setting forth the facts--either in the removal petition or by affidavit--that support a finding of the requisite amount"); see also Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) ("[i]f the amount in controversy is not apparent, [the court] may then rely on 'summary judgment' type

-4-

evidence"). In proving the amount in controversy, however, the defendant cannot rely "simply upon conclusory allegations." <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

In this case, the Court concludes that it is not "facially apparent" from the Plaintiff's Petition that his claims exceed $75,000.00 because the Petition states only that Plaintiff is suing "Charles Lincoln for breach of contract and slander" without any supporting detail which would shed light on the amount in controversy. (Pl.'s Orig. Pet.) Furthermore, Defendant has failed to support his removal with any facts or evidence demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. Rather, Defendant makes only the conclusory assertion that the amount in controversy substantially exceeds $100,000 and that the case arises out of Plaintiff's "peripheral" involvement in a series of multi-million dollar lawsuits. (Not. of Rem. at 1.) "Conclusory allegations," however, are insufficient to support removal. <u>See Allen</u>, 63 F.3d at 1335. The only evidence relevant of the amount in controversy attached to the Notice of Removal is a copy of a "retainer payment" check from the Defendant to the Plaintiff in the amount of $5,200.00. (<u>See</u> Def.'s Ex. C.) This single check for $5,200, however, falls far short of demonstrating an amount of controversy in excess of $75,000, and Defendant has not provided any other evidence showing the nature or value of the disputed transactions

-5-

in this case.[1]  Accordingly, the Defendant has not met his burden of proving federal jurisdiction by a preponderance of the evidence and the above-styled case must be REMANDED for lack of subject matter jurisdiction.[2]

## III. CONCLUSION

For the reasons discussed above, the Court finds that subject matter jurisdiction is lacking.  Therefore, Plaintiff's Motion to Remand is GRANTED and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 07-2615-C.

SIGNED and ENTERED this 11th day of June, 2007.

Janis Graham Jack
United States District Judge

---

[1] To the extent that Defendant wishes to rely on his own counterclaim to establish the requisite amount in controversy, the same problems exist.  Defendant did not allege an amount of damages in his counterclaim, nor has the Defendant provided any supporting facts or evidence from which the value of the counterclaim can be determined.  (See Def.'s Ex. E.)

[2] Because the Court determines that the Defendant has not satisfied the amount in controversy requirement, the Court need not reach Plaintiff's argument that there is no diversity of citizenship.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA,　　§
　　　　　　　　　　　　　　　　§
　　　　Plaintiff,　　　　　　　　§
　　　　　　　　　　　　　　　　§　　MISCELLANEOUS ACTION NO. C-07-75
VS.　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
CHARLES EDWARD LINCOLN, III,　§
　　　　　　　　　　　　　　　　§
　　　　Defendant.　　　　　　　　§

## WARRANT FOR ARREST OF CHARLES EDWARD LINCOLN

To:　The United States Marshal
　　　and any Authorized United States Officer

YOU ARE HEREBY COMMANDED, pursuant to 18 U.S.C. §§ 401 and 402, to arrest CHARLES EDWARD LINCOLN and bring him forthwith to the United States Courthouse, 1133 N. Shoreline Boulevard, Corpus Christi, Texas, 78401, to answer for his failure to comply with the Court's orders to appear at 10:00 AM on July 23, 2007,[1] and at 1:15 PM on September 7, 2007.[2]

SIGNED and ENTERED this 10th date of September, 2007.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge

---

[1] Sibley v. Lincoln, 2:07-cv-00258 (D.E. 10, 16).

[2] United States of America v. Lincoln, 2:07-mc-00075 (D.E. 1).

1 / 1

## CERTIFICATE OF SERVICE

I, **Cissye E. Tyus**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**Government's Memorandum of Law Regarding Defendant's Procedural Rights Prior to Removal**

service was:

[x] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By hand delivery as follows:

[ ] Placed in a sealed envelope, for collection and mailing via United States mail, addressed as follows:

[ ] By Federal Express as follows:

Pedro Castillo
Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012-4202

This Certificate is executed on **December 13, 2007**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

**Cissye E. Tyus**